```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,                      :
                                               :
                                               :         **SUMMARY ORDER**
             -against-                         :         06-cr-413 (DLI)
                                               :
JAMAR CURTIS,                                  :
                        Defendant.             :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On October 10, 2007, defendant Jamar Curtis ("Defendant") pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii), and Use and Possession of a Firearm in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). (*See* Superseding Indictment, Dkt. Entry 155; Minute Entry, Dkt. Entry 270.) Defendant was sentenced by this court on April 24, 2008 to a 180-month term of imprisonment. (*See* Minute Entry, Dkt. Entry 377; Judgment, Dkt. Entry 384.) At the time the court sentenced Defendant, he was under the primary jurisdiction of New York State authorities and in federal custody pursuant to a Writ of Habeas Corpus. (*See* Writ of Habeas Corpus, Dkt. Entry 54.) Following sentencing by this court, Defendant was returned to state custody and a federal detainer was lodged. On December 23, 2008, he was sentenced by the New York State Supreme Court, Kings County, to a two-year and six-month prison term for Criminal Sale of Controlled Substance in the Fifth Degree, a charge arising out of the same conspiracy for which Defendant was sentenced by this court. (*See* Letter from BOP, Dkt. Entry 657, at 1.) In February 2009, Defendant satisfied his state sentence and was released into federal custody to commence the service of his federal sentence. (*Id.*)

Defendant submitted a request to the Bureau of Prisons ("BOP") that it retroactively designate as the place of his federal imprisonment the state institution where he was incarcerated

1

pursuant to his state sentence, so that the time he spent in state custody is credited toward his federal sentence. The BOP requested that the court state its position as to Defendant's request and the government submitted a letter stating that does not oppose the request. For the reasons set forth below, the court recommends that the BOP credit the time Defendant served in state custody towards his federal sentence.

Pursuant to 18 U.S.C. § 3621, the BOP "shall designate the place of the prisoner's imprisonment." The Second Circuit has held that, under this authority, the BOP can designate retroactively the state facility where a prisoner served a state sentence following a federal sentence as the place of his federal imprisonment. *See Abdul-Malik v. Hawk-Sawyer*, 403 F. 3d 72, 75-76 (2d Cir. 2005). Such a designation has the effect of making the prisoner's sentences concurrent. *Id.* at 75. Here, Defendant is eligible for retroactive designation of the state facility as the place of his federal incarceration, at the BOP's discretion, because he had not yet been sentenced by state authorities when this court imposed its sentence. In determining how to exercise its discretion, the BOP must consider, among other things, the nature and circumstances of the offense, the history and characteristics of the prisoner, and any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate. *See* 18 U.S.C. § 3621(b).

The BOP has requested that this court state its position on Defendant's instant request. The government does not oppose Defendant's request because his state court conviction relating to the sale of cocaine base stemmed from the conduct underlying his federal charges and because this court sentenced Defendant to a below Guidelines sentence due to his personal history.

The court agrees with the government and finds that retroactive designation of

Defendant's state imprisonment as the place of his federal imprisonment is appropriate under the circumstances of this case. Defendant's state court conviction, which stemmed from his sale of cocaine base to an undercover police officer, is related to the conduct for which Defendant was sentenced by this court. (*See* Presentence Investigation Report, ¶ 120.) Moreover, the court sentenced Defendant to a below-Guidelines sentence because it found that his familial history was a mitigating factor in determining his sentence. Accordingly, the court recommends that the BOP credit Defendant's time served in state custody towards his federal sentence by retroactively designating the state facility as the place of his federal imprisonment.

SO ORDERED

DATED: Brooklyn, New York
May 21, 2012

/s/
DORA L. IRIZARRY
United States District Judge