UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,          :
                                   :
                    Plaintiff,     :
                                   :      **SUMMARY ORDER**
         -against-                 :      06-CR-413 (S-1) (DLI)
                                   :
DASHAWN REESE, *pro se*,           :
                                   :
                    Defendant.     :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On August 9, 2007, defendant Dashawn Reese ("Defendant") pled guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base ("crack cocaine") under Count One of the Superseding Indictment ("Count One") and possession of a firearm in furtherance of the crack cocaine conspiracy under Count Nineteen of the Superseding Indictment ("Count Nineteen"). (*See* Superseding Indictment, Dkt. Entry 155; Minute Entry, Aug. 9, 2012.) On March 20, 2008, Defendant was sentenced to 135 months' imprisonment on the crack cocaine conspiracy count and 120 months' imprisonment on the firearm count with the terms running consecutively. (*See* Judgment, Dkt. Entry 367.) Defendant appealed and the Second Circuit remanded for reconsideration of Defendant's sentence in light of the Second Circuit's decision in *United States v. Williams*, 558 F. 3d 166 (2d Cir. 2009), which was decided after Defendant was sentenced. *See United States v. Reese*, 328 F. App'x 686 (2d Cir. 2009).[1] On November 5, 2009, the court resentenced Defendant to 120 months' imprisonment on Count One and 120 months' imprisonment on Count Nineteen, to run consecutively. (*See* Am.

---

[1] On November 29, 2010, the Supreme Court vacated the Second Circuit's decision in *Williams*. *See United States v. Williams*, 131 S. Ct. 632 (2010) and *Abbott v. United States*, 131 S. Ct. 18 (2010). In light of these rulings by the Supreme Court, the original sentence imposed by this court was a legal sentence.

1

Judgment, Dkt. Entry 491.) The Second Circuit affirmed this sentence on December 2, 2010. *See United States v. Reese*, 402 F. App'x 600 (2d Cir. 2010).

On April 23, 2012, Defendant, *pro se*,[2] filed the instant motion requesting a reduction of his sentence imposed on Count One in light of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010) and Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). (*See* Def.'s Letter, Dkt. Entry 669.) Defendant also asserts that his sentence violates the United States Constitution. (*Id.* at 2-3.) The government opposes Defendant's motion. (*See* Gov't Opp'n, Dkt. Entry 689.) For the reasons set forth below, the motion is denied.[3]

**DISCUSSION**

**I.     Fair Sentencing Act of 2010**

On November 5, 2009, Defendant was resentenced to 120 months' imprisonment on Count One based upon the then-applicable statutory minimum for conspiracy to distribute 50 grams or more of crack cocaine. *See* Sentencing Transcript ("Sent. Tr.") 29; 21 U.S.C. § 841(b)(1)(A)(iii) (2009). On August 3, 2010, after Defendant had been resentenced, the FSA was enacted. As relevant to defendant, a 120-month minimum sentence is now mandatory only for offenses involving 280 grams or more of crack cocaine. 21 U.S.C. § 841(b)(1)(A)(iii) (2012). However, the Second Circuit has held that the FSA does not apply to defendants sentenced before its enactment, because the statute "contains no express statement that it is

---

[2] Because Defendant is a *pro se* litigant, the court, in deciding this motion, has construed Defendant's papers broadly, interpreting them to raise the strongest arguments they suggest. *See Weixel v. Bd. of Educ.*, 287 F. 3d 138, 146 (2d Cir. 2002).

[3] Defendant also requests an evidentiary hearing. (Def.'s Letter 4.) Because the court can decide the legal issues raised in Defendant's motion without a hearing, the request for an evidentiary hearing is denied.

intended to have retroactive effect nor can we infer such intent from its language." *United States v. Diaz*, 627 F. 3d 930, 931 (2d Cir. 2010) (per curiam).

The court recognizes that, on June 21, 2012, the Supreme Court held that the revised mandatory minimum sentences in the FSA applied to defendants who committed crimes before the FSA was enacted but sentenced after the FSA was enacted. *See Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). However, as other courts have recognized, *Dorsey* does not affect the Second Circuit's holding in *Diaz* that the FSA does not apply retroactively to defendants who committed their crimes and were sentenced before the FSA was enacted. *See, e.g.*, *United States v. Gotay*, 2012 WL 3318954, at *2 (E.D.N.Y. Aug. 10, 2012) ("[B]ecause Gotay was convicted and sentenced before the enactment of the FSA, *Diaz* continues to control and Gotay's motion must therefore be denied.").

Accordingly, because the court resentenced Defendant before the FSA was enacted on August 3, 2010, Defendant is not entitled to a sentence reduction under the FSA.

## III. Amendment 750

Defendant also asserts that he is entitled to a sentence reduction pursuant to Amendment 750 to the Guidelines, which reduced the Guideline sentencing range for crack cocaine offenses. *See* U.S.S.G. App. C Amendment 750 (Nov. 1, 2011).[4] While Amendment 750 applies retroactively, *see* U.S.S.G. § 1B1.10(c), Defendant is not entitled to a sentence reduction because he was sentenced to the mandatory minimum sentence based upon his accountability for approximately over 1.5 kilograms of crack cocaine, which is well over the threshold limit for a mandatory minimum sentence. (*See* Sent. Tr. 29; Gov't Opp'n, Ex H.)

---

[4] The U.S.S.G. Manual effective November 1, 2009 was in effect at the time Defendant was resentenced. Notably, that U.S.S.G. Sentencing Manual contained a base offense level reduction of two levels that had gone into effect November 1, 2007, based on the sentencing disparity between crack cocaine and powder cocaine.

3

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." U.S.S.G. § 1B1.10, application note 1, subsection 1(A) states: "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) *and is not consistent with this policy statement* . . . [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*)." (emphasis added). The Second Circuit has held that courts are bound by the language of this policy statement. *See e.g., United States v. Williams*, 551 F. 3d 182, 186 (2d Cir. 2009) (noting that defendant was "ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based on the statutory minimum"); *United States v. Torres*, 391 F. App'x. 903, 905 (2d Cir. 2010) (denying motion pursuant to § 3582(c)(2) where defendant had been sentenced to mandatory minimum, notwithstanding retroactive amendment to crack cocaine offenses).

Thus, because Defendant was sentenced to the statutory mandatory minimum sentence that was applicable at Defendant's resentencing, his sentence cannot be reduced pursuant to Amendment 750 to the Guidelines.

### III. Alleged United States Constitution Violation

Defendant also asserts that the penalties applicable to Defendant are unconstitutional because of the disparity between crack cocaine and cocaine penalties. (Def.'s Letter at 2-3.) The Second Circuit has rejected such challenges. *See United States v. Samas*, 561 F. 3d 108, 110 (2d Cir. 2009); *United States v. Riccitelli*, 184 F. App'x 126, 127 (2d Cir. 2006); *United States v.*

*Coleman*, 166 F. 3d 428, 430-31 (2d Cir. 1999). Accordingly, the court also rejects Defendant's constitutional challenge.

## CONCLUSION

For the reasons set forth above, Defendant's sentence may not be reduced pursuant to either Amendment 750 to the Guidelines or the FSA. Accordingly, Defendant's motion is denied in its entirety. As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

DATED:    Brooklyn, New York
              August 20, 2011

                                        _____/s/_____
                                          DORA L. IRIZARRY
                                       United States District Judge