UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,       :

                         :

      -against-            :

                         :

DAKOTA BEVERLY, et al.,        :

                         :

           Defendants.       :
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

06-CR-413 (S-3) (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

On April 16, 2007, pursuant to a cooperation agreement with the government, defendant

Dakota Beverly ("Defendant") pled guilty to Count One, conspiracy to distribute and possess

with the intent to distribute 50 grams or more of cocaine base ("crack cocaine") in violation of

21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), and Count Nineteen, possession of a firearm in

connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(ii), of a Third

Superseding Indictment.

At the sentencing hearing held on April 15, 2009, the court determined, and the parties

agreed, that Defendant was accountable for distributing at least 1.5 kilograms crack cocaine,

which then corresponded with a base offense level of 36 under United States Sentencing

Guidelines ("U.S.S.G." or "Guidelines") § 2D1.1(c)(2).[1]  (Presentence Investigation Report

("PSR") ¶¶ 20, 102.)  Defendant received a three-point offense level reduction for his timely

acceptance of responsibility, yielding a total offense level of 33.  (*See* Aff. of Joyce C. London,

Dkt. Entry 652 ("London Aff."), ¶ 4; PSR ¶ 146.)  With Defendant's Criminal History Category

of III, the applicable U.S.S.G. range on Count One was 168 to 210 months' imprisonment, with a

---

[1] The U.S.S.G. Manual effective November 1, 2008 was in effect at the time Defendant was
sentenced.  Notably, that U.S.S.G. Sentencing Manual contained a base offense level reduction
of two levels from the manual effective November 1, 2006, based on the sentencing disparity
between crack cocaine and powder cocaine.

mandatory minimum sentence of ten years' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). (*See* PSR ¶¶ 157-58.) The government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) because of Defendant's substantial assistance to the government. (*See* Letter from Gov't, Dkt. Entry 282.) The court granted the government's motion and sentenced Defendant to 60 months' imprisonment on Count One and five years of supervised release with conditions. (*See* Judgment, Dkt. Entry 442.) The court also sentenced Defendant to 30 months' imprisonment and five years of supervised release for Count Nineteen, to run consecutively with Defendant's Count One sentence, for a total of 90 months' imprisonment. The supervised release terms were to run concurrently with each other. In addition, the court ordered that Defendant's sentences for Count One and Count Nineteen run concurrently with the undischarged portion of a previously imposed state sentence. (*See id.*) Because Defendant does not seek a reduction in his sentence for Count Nineteen, and the applicable Guidelines amendments do not apply to this count, it is not discussed further herein.

On January 23, 2012, Defendant filed the instant motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (*See* Notice of Mot., Dkt. Entry 651.) On February 17, 2012, Defendant moved to expedite a decision on his motion for a sentence reduction. (*See* Mot. to Expedite, Dkt. Entry 662.) For the reasons set forth below, the motion for a sentence reduction is denied, and the motion to expedite is denied as moot.

## LEGAL STANDARD

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010), went into effect increasing the amount of crack cocaine required to trigger mandatory minimum sentences and directing the United States Sentencing Commission to implement comparable changes in the U.S.S.G. *See also* U.S.S.G. App. C Amendment 750

(Nov. 1, 2011).  As relevant here, the U.S.S.G. now provides for a base offense level of 34 where a defendant is responsible for between 850 grams and 2.8 kilograms of crack cocaine.  *See* U.S.S.G. §§ 2D1.1(c)(3).  As the parties agree, the amended crack cocaine guidelines are "covered amendments" under U.S.S.G. § 1B1.10(c) that can be applied retroactively and used to reduce a defendant's sentence.  *See* U.S.S.G. § 1B1.10(c) (listing Amendment 750 as a covered amendment).

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).  U.S.S.G. § 1B1.10(a)(1) directs that "any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."  U.S.S.G. § 1B1.10, application note 1, subsection (B)(ii)-(iii) provides that, in considering any sentence reduction, the court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment."

Similarly, Section 3553(a) states that a court "shall impose a sentence sufficient, but not greater than necessary" to fulfill certain penological purposes, such as:

the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to

3

afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  A court must also consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; . . . (3) the kinds of sentences available; (4) [the sentencing range established by the Sentencing Guidelines]; (5) [any pertinent Sentencing Guidelines policy statement]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Additionally, while the court typically cannot reduce a sentence to below the amended Guidelines range, where, as here, the original sentence imposed was less than the original Guidelines range because of a defendant's substantial assistance to the government, "a reduction comparably less than the amended guideline range . . . may be appropriate."  *See* U.S.S.G. § 1B1.10(b)(2)(B).  The application notes to U.S.S.G. § 1B1.10 explain that, for example:

if the term of imprisonment imposed in the example provided above was 56 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing), a reduction to a term of imprisonment of 41 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range) would amount to a comparable reduction and may be appropriate.

U.S.S.G. § 1.B1.10, application note 3.

## DISCUSSION

Defendant argues that, in light of the amendments to the Guidelines following the enactment of the FSA, the court should reduce his sentence concomitantly with the reduction of his total offense level following the amendments to the U.S.S.G.  (*See* London Aff. ¶¶ 8-11.)

More specifically, Defendant asserts that, following the FSA and the resulting amendments to the Guidelines, the lower end of the Guidelines range that applies to his conduct has been reduced by 33 months' imprisonment. (*Id.* ¶ 8.) According to Defendant, he should therefore receive a 33-month reduction on his sentence for Count One. (*Id.* ¶ 9.) Defendant also submits letters from himself and family members, as well as certificates showing that he has earned his GED and completed various educational courses while incarcerated. (*See* Feb. 24, 2012 Letter from Def., Dkt. Entry 664.)

The government agrees that the amendments to the Guidelines following the FSA apply to Defendant, and that the court can consider whether to reduce Defendant's sentence. (*See* Gov't Resp., Dkt. Entry 660, at 2.) The government asserts that the court should reduce Defendant's sentence because he provided substantial assistance to the government in bringing charges against other individuals. (*Id.* at 4.) Specifically, the government contends that his sentence should be reduced to between 47 and 55 months' imprisonment, which would represent approximately the same percentage downward departure from the current Guidelines range that the court gave from the Guidelines range that was applicable at sentencing. (*Id.* at 4-5.) In other words, the 60-month prison sentence represented a 65% downward departure from the lower end of the Guidelines range applicable at sentencing, and a 65% downward departure from the new range is 47 months. (*Id.* at 4.)

The Probation Department submitted an Addendum to the PSR, which, *inter alia*, provides a list of disciplinary infractions incurred by Defendant while he has been incarcerated. (*See* Addendum to PSR, Dkt. Entry 665, at 5-7.) As a result of the infractions, the Probation Department asserts that a sentence reduction is unwarranted. (Second Revised U.S. Probation Dep't Sentence Recommendation, Dkt. Entry 665-1.)

Defendant's request for a sentence reduction is denied based on the totality of the circumstances in this case. As an initial matter, Defendant's request for a 33-month sentence reduction based upon the 33-month reduction in the Guidelines range applicable to Defendant's conduct has no basis in the Guidelines. While a court can order a reduction that is "comparably less" than the amended Guidelines range, *see* U.S.S.G. § 1B1.10(b)(2)(B), this does not mean that the Guidelines advise in favor of a month for month reduction. The application notes make it clear that "comparably" means that the reduced sentence should be the same percentage of the amended Guidelines range as the original sentence was to the Guidelines range applicable at sentencing. *See* U.S.S.G. § 1B1.10, application note 3.

In any event, the court finds that granting any reduction would be inconsistent with U.S.S.G. § 1B1.10 because Defendant's post-conviction conduct indicates that he is still a threat to the community. *See United States v. Stewart*, 367 F. App'x 201, 202-03 (2d Cir. 2010) (district court appropriately considered post-conviction conduct and defendant's criminal history in denying sentence reduction); *United States v. Gregory*, 350 F. App'x 536, 538 (2d Cir. 2009) (affirming denial of sentence reduction where district court "appropriately considered" that the defendant "has a lengthy criminal history and that Bureau of Prisons records indicate that he has been involved in violent altercations while incarcerated"); *United States v. Mitchell*, 2012 WL 28495, at *3 (S.D.N.Y. Jan. 5, 2012) (sentence reduction denied where "troubling conduct has continued during [defendant's] incarceration"); *United States v. Ruiz*, 2011 WL 6348028, at *2 (S.D.N.Y. Dec. 14, 2011) (no sentence reduction warranted because of defendant's disciplinary violations while in prison).

According to the Addendum to the PSR submitted by the United States Probation Department, Defendant has incurred 14 disciplinary sanctions while incarcerated, six of which

occurred after sentencing. (Addendum to PSR 5-6.) Defendant has been disciplined for serious offenses, such as stealing, possessing a 7-inch long weapon made of plastic with a sharp point on the end and possessing alcohol. (*Id.* at 6-7.) Defendant was sanctioned for fighting with another inmate, during which he hit the other inmate in the facial area. (*Id.* at 7.) Defendant also has been caught threatening prison staff members on two occasions, particularly noting that he would do bodily harm to them upon release. (*Id.*) Defendant also made inappropriate sexual statements to female prison staff and made threats when reprimanded for them. (*Id.*)

Moreover, Defendant pled guilty to serious crimes. Defendant sold a significant amount of crack cocaine over a period of two years, and was known to carry a gun during these sales. (*See* PSR ¶¶ 18-20.) In addition, Defendant has a violent criminal history that includes gang membership. Defendant previously was convicted in 2004 for an incident where he threatened to stab another person and for an incident in 2006 where Defendant attacked another person, pointed a gun at him, and pulled the trigger; however, the gun backfired. (*Id.* ¶¶ 118-21.)

While the court recognizes that Defendant provided substantial assistance to the government, the court took this into consideration at sentencing in granting Defendant a significant sentence reduction in light of his cooperation. This sentence was well below both the Guidelines range that applied at the time of sentencing and the current amended range. It was also well below the mandatory ten-year minimum that applied at the time of sentencing and still applies to the amount of crack cocaine for which he was held responsible. The court also notes that, in downwardly departing pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the court did not utilize a percentage reduction from the Guidelines range in its analysis, and, thus, the court is unpersuaded by the government's assertion that Defendant's sentence should be reduced by applying the same percentage to the amended Guidelines.

In light of Defendant's post-conviction conduct, the severity of his crime, as well as his previous criminal history, which included acts of violence, the court concludes that Defendant would pose a risk to the community if he were to be released, and finds that his sentence of 60 months' imprisonment for Count One is sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). Accordingly, a sentence reduction is not warranted.

## CONCLUSION

For the reasons set forth above, after taking into account the factors the court must consider pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3553(a), Defendant's motion for a reduction of his sentence is denied in its entirety and his motion to expedite a decision is denied as moot.

SO ORDERED.

DATED:      Brooklyn, New York
               August 28, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge